UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN RICHARDSON,<br><br>           Plaintiff,<br><br>    v.<br><br>J. ISQUIERDO, et al.,<br><br>           Defendants. | 1:05-cv-1590-REC-SMS<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION BECAUSE OF PLAINTIFF'S FAILURE TO PAY THE $250.00 FILING FEE OR FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS, FOLLOW AN ORDER OF THE COURT, AND PROSECUTE THE ACTION (DOC. 3) |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

On December 12, 2005, Plaintiff filed a complaint. However, Plaintiff did not pay the $250.00 filing fee or submit an application to proceed in forma pauperis. By order dated March 9, 2006, and served the same day, the Court granted Plaintiff thirty days to file an application to proceed in forma pauperis or to pay the filing fee. More than thirty days have passed, and Plaintiff has not paid the filing fee.

Local Rule 11-110 provides that "...failure of counsel or of

1

a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of

1  less drastic alternatives. Thompson, 782 F.2d at 831; Henderson,
2  779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
3  1260-61; Ghazali, 46 F.3d at 53.
4     In this case, the Court finds that the public's interest in
5  expeditiously resolving this litigation and the Court's interest
6  in managing the docket weigh in favor of dismissal, as the case
7  has been pending since December 2005. The third factor, risk of
8  prejudice to Defendants, also weighs in favor of dismissal
9  because a presumption of injury arises from the occurrence of
10 unreasonable delay in prosecuting an action. Anderson v. Air
11 West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- the
12 public policy favoring disposition of cases on their merits -- is
13 greatly outweighed by the factors in favor of dismissal discussed
14 herein. Finally, a court's warning to a party that his failure to
15 obey the court's order will result in dismissal satisfies the
16 "consideration of alternatives" requirement. Ferdik v. Bonzelet,
17 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at
18 1424. The Court's order requiring Plaintiff to pay the filing fee
19 expressly stated that a failure of Plaintiff to pay the filing or
20 submit an application within thirty days would be considered to
21 be a failure to comply with an order of the Court pursuant to
22 Local Rule 11-110, and the action might be dismissed. Thus,
23 Plaintiff received adequate warning that dismissal would result
24 from his noncompliance with the Court's order.
25     Accordingly, the Court HEREBY RECOMMENDS that this action be
26 DISMISSED, without prejudice, pursuant to Local Rule 11-110 for
27 Plaintiff's failure to comply with the Court's order.
28     These findings and recommendations are submitted to the

3

1 | United States District Judge assigned to the case, pursuant to
2 | the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days
3 | after being served with these findings and recommendations, any
4 | party may file written objections with the court and serve a copy
5 | on all parties. Such a document should be captioned "Objections
6 | to Magistrate Judge's Findings and Recommendations." Any reply to
7 | the objections shall be served and filed within ten days after
8 | service of the objections. The parties are advised that failure
9 | to file objections within the specified time may waive the right
10 | to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
11 | 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 28, 2006**                    /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE